Respond to: Michael Jude:Pirie, *suae protestate, esse*

General Delivery

Burnet Post Office

Burnet, Texas

Michael Jude:Pirie, *suae protestate esse*, demandant
(case No. 03-15-00212-CR)

FILED
April 20, 2015
Third Court of Appeals
Jeffrey D. Kyle
Clerk

In the Court of Appeals
Third Supreme District
Sitting in Austin, Texas

VS.

The State of Texas

RECEIVED
APR 2 0 2015
THIRD COURT OF APPEALS
JEFFREY D. KYLE

Motion of Declaration

I, Michael Jude:Pirie, *save protestate esse*.

pursuant to the Holy Bible, the first, the second, the fourth, the fifth, the sixth, the ninth and the tenth at amendments and all due process guaranteed in the Constitution of the United States and Article One Section nine of the Texas Constitution, to show the following declarations.

One.

This matter, case No. 03-15-0012 CR. dismissal for want of jurisdiction is exactly the initial cause I presented to the thirdy-third district court of Burnet county, Texas with a hand delivered Non-statutory abatement to the presiding judge. This occured after the first day of the nineth month in the Year of Our Lord and Saviour

Jesus, the Christ, two thousand fourteen, pertaining to cause No. 40555. This abatement allowed ten days for the State of Texas to answer with written evidence or request for a continuance of time in this matter. There was no response to this challenge to standing. The third time I was brought before the thirty-third district court I verbally declared into the record that the State of Texas was in default for want of response; therefore it had no standing in the afore mentioned cause.


Two.


Background

When the returned with a verdict of guilty, I then and there requested a conference with my standby counsel to discuss the matter of a still pending charge that I intended to contest or offer a plea bargin to a lesser degree to resolve this. I was trying assess the situation and know what plea bargining options were aviable at this juncture. I was in an aggetated state of mind at this conference. As with the trial everything seemed to move quickly. I relize that everyone but myself was an experienced professional. My understanding at of this discusstion was one; I had been found guilty by the jury and

and there was a punishment part to come; two; I was offering to make a plea bargin for a second pending case. My assumption and understanding of our conversation at this time was only about the pending charge and resolving the deposition of that charge. At the conclusion of this offer my understanding was the second charge would run concurrently with the evading. I believed that what is called the judical ~~trittet~~ confession pertained only to the failure to appear charge. I did not relize that the papers I was initialing had anything at all to do with the evading charge or my future right to appeal. There was mention

nothing about any effect on the evading charge. I did not read any of the papers before signing. I was under the assumption from talking with my standby counsel that they only concerned the plea on the remaining charge.

Three.

Can I declare naught into existence merely by my declaration, nor can I declare the truth to be naught. Therefore a crime not committed can never be a crime and innocence can not be changed to guilt by any amount of declaration and misunderstanding. Truth, justice and the American way.

To the Horonable Judge of said Court

Prayer

Wherefore I Michael Jude: Pirie, _suae protestate esse_, prays the Court grant this motion of declaration for lack of Standing and testimonial proof of committing the original alledge offense.

The sixteenth day of the
fourth month in the Year
of Our Lord and Saviour
Jesus, the Christ, two
thousandfifteen
_____
Date

_Michael Jude: Pirie_
_____
Demandent's Signture

Granted             Denied

_____
Date

_____
Judge's Signture

Michael Pirie 01982650
Holliday unit
295 IH-45 North
Huntsville, Texas 77320-8443

NORTH HOUSTON TX 773

17 APR 2015 PM 7 L

Legal

78711254747

Jeffrey D. Kyle, Clerk
Third District of Texas
P.O. Box 12547, Austin Texas
78711-2547